UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>        Plaintiff,<br><br>    v.<br><br>ELY STATE PRISON, et al.,<br><br>        Defendants. | Case No.: 3:23-cv-00492-MMD-CLB<br><br>**ORDER**<br><br>(ECF Nos. 4, 5) |

This is one of numerous civil-rights actions under 42 U.S.C. § 1983 that *pro se* Plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections, has filed since September 2023. On October 12, 2023, this Court ordered Plaintiff to submit a complaint and either pay the full $402 filing fee for a civil action or file a complete application to proceed *in forma pauperis* ("IFP") on or before December 12, 2023. (ECF No. 3). Before that deadline expired, Plaintiff filed a document titled "Initiation of Actions" that is a collection of handwritten statutes, a vague "affidavit" about exhaustion of administrative remedies, multiple *ex parte* requests for the appointment of counsel, prison classification papers, documents from one of Plaintiff's state criminal cases, an incomplete IFP application, and a proposed summons. (ECF Nos. 4, 5).

For the reasons discussed below, the Court denies Plaintiff's requests for appointment of counsel and grants him a final extension of time to file a complaint and either pay the full $402 filing fee or file a completed financial certificate on this Court's approved form.

**I.     DISCUSSION**

    **A.  Plaintiff must file a complaint.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Generally, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. "A civil-rights

complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. Loc. R. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

None of the documents that Plaintiff filed constitute a complaint. None of the document identifies the persons or entities to be sued, contains a short and plain statement of the claim showing that Plaintiff is entitled to relief, states the relief that Plaintiff seeks, and is personally signed by Plaintiff. The Court grants Plaintiff a final extension of time to file a complaint that complies with these rules.

Furthermore, the Court notes that Plaintiff filed the same collection of documents in at least 18 of his other civil-rights actions. (See ECF No. 4 at 2). Plaintiff is cautioned that "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). And duplicative litigation by a litigant who is proceeding under IFP status can be dismissed as malicious and thus constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

**B. Plaintiff must either pay the $402 filing fee or file a financial certificate.**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See id.* at § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." Nev. Loc. R. LSR 1-1. For an inmate to apply for *in forma pauperis status*, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed in Forma Pauperis for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by

the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. LSR 1-2. In forma pauperis status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. See 28 U.S.C. § 1915(b).

Plaintiff's IFP application is incomplete because he did not submit a financial certificate on this Court's approved form. (*See* ECF No. 5 at 4). Rather, Plaintiff submitted a financial certificate that purports to be for state court. (*Id.*) The Court grants Plaintiff a final extension of time to either pay the full $402 filing fee or file a completed financial certificate on this Court's approved form.

**C. The requests for appointment of counsel are denied without prejudice.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quotation omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff's filing includes multiple requests for appointment of counsel. (ECF No. 4 at 11, 21, 32). The Court finds that exceptional circumstances warranting the appointment of counsel do not currently exist. Plaintiff has neither filed a complaint nor settled the matter of the filing fee. The requests for appointment of counsel are therefore denied without prejudice.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's requests for appointment of counsel (ECF No. 4) are denied without prejudice.

It is further ordered that Plaintiff's incomplete application to proceed *in forma pauperis* (ECF No. 5) is denied without prejudice.

It is further ordered that, on or before, February 9, 2024, Plaintiff will either pay the full $402 filing fee or file a complete application to proceed *in forma pauperis* on this Court's approved form.

It is further ordered that, on or before Friday, February 9, 2024, Plaintiff will submit a complete complaint to this Court.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a complaint and either pay the required filing fee or file a complete application to proceed in forma pauperis.

It is further ordered that the Clerk of the Court will send Plaintiff Tyrone Noel Nunn the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and the approved form application to proceed in forma pauperis for an inmate and instructions for the same.

DATED THIS 9th day of January 2024.

_____
UNITED STATES MAGISTRATE JUDGE